THE STATE, EX REL. FRESHCORN, *v.* BOARD OF EDUCATION OF BLANCHESTER LOCAL SCHOOL DISTRICT.

(No. 166—Decided May 28, 1951.)

*Messrs. Paxton & Seasongood, Mr. Lester A. Jaffe,* and *Mr. William T. Bahlman, Jr.,* for relator.

*Mr. G. L. Schilling* and *Messrs. Dargusch, Caren, Greek & King,* for respondent.

HILDEBRANT, P. J.   Relator, a teacher employed under a continuing contract as local school head, was transferred from his administrative position to that of teacher with classroom duties only, with a consequent reduction in salary, by resolution of the respondent board unanimously adopted at a special meeting on April 22, 1950, pursuant to the provisions of Section 4842-9, General Code, the transfer being effective for the school year beginning September 1950.

By invoking the original jurisdiction of this court

in mandamus, relator seeks to compel the respondent to restore him to his former administrative status as local school head, and requests a complete recoupment of salary losses occasioned by the transfer.

His claims are that the minutes of the special meeting of the board held on April 22, 1950, do not disclose that the resolution of transfer was adopted upon the recommendation of the county superintendent of schools, as required by the statute, and that, in any event, under his continuing contract the board had no power to fix his salary schedule below that of the preceding year.

The evidence before the court is in the form of a stipulation between the parties and the depositions of relator and two members of respondent board.

Section 4842-9, General Code, reads:

"Each board of education shall cause notice to be given annually not later than July 1 to each teacher who holds a contract valid for the succeeding school year, as to the salary to be paid such teacher during such year. Such salary shall not be lower than the salary paid during the preceding school year unless such reduction be a part of a uniform plan affecting the entire district. But nothing herein shall prevent increases of salary after the board's annual notice has been given.

"A teacher employed as assistant superintendent, principal, supervisor, or other administrative head may be transferred to a lesser administrative position or to a teaching position upon recommendation of the superintendent of schools and approval of the board of education. A teacher employed as superintendent may be transferred to another position by a majority vote of the board of education. In no event shall the salary of any teacher so transferred be fixed at a rate lower than the highest paid in the district for the type

of position to other teachers with similar training and experience.''

It is stipulated that no uniform plan of salary reduction affecting the entire district was involved, and that the minutes of the meeting of April 22, 1950, do not disclose any recommendation of transfer by the county superintendent of schools, required by the statute as a condition precedent to action by the board. It is, however, stipulated that a written recommendation of transfer by the county superintendent is in the files of respondent and remained unopened in the possession of the board at all times during the meeting of April 22, 1950. The depositions show that the county superintendent was present in person at the meeting and made a formal oral recommendation of the transfer, upon which the board unanimously adopted the resolution of transfer. It is obvious that the written recommendation remained unopened because the county superintendent was there in person and orally made the recommendation which is not required by the statute to be in writing. The fact is that the board did have the recommendation required by law, upon which to adopt the resolution of transfer. and the omission of reference thereto in the minutes may be supplied orally to make that record speak the truth.

. 35 Ohio Jurisprudence, 26, Section 21, states:

''The general rule that records of inferior boards are not conclusive, but are presumptive only, is applicable to records of school boards. Thus, where the record of a school board shows that a meeting was held in pursuance of an adjournment, the presumption is, in the absence of all proof to the contrary, that the meeting was so held. The rule as to supplying omissions in the record by parol has been applied to school boards. Thus, where two school directors met at the usual place of holding meetings, at a regularly called

meeting, and, acting officially, agreed with a qualified teacher to hire him to teach the school of said subdistrict for a certain time at an agreed compensation, but neither the clerk of the board nor said directors made any entry in the records of said subdistrict of their proceedings, such teacher ought not to and cannot be prejudiced by their omission or ministerial nonfeasance. He may prove, if he can do so, by competent parol testimony, such official action of said board." See, also, *Dixon* v. *Subdistrict No. 5*, 3 C. C., 517, 2 C. D., 298.

It is stated in 35 Ohio Jurisprudence, 27, Section 24:

"It is axiomatic that a record must speak the truth. When it does not do so, through inadvertence or mistake, those who have the authority and power may correct the record to make it conform to the truth."

The burden of proving a clear legal right to the extraordinary relief sought rests upon the relator, and the evidence not only fails to establish that the board passed the transfer resolution without having a prior recommendation from the county superintendent, but, on the contrary, discloses beyond all doubt that both an oral and a written recommendation were made. It is, therefore, clear that relator has failed to meet the burden of proof required to compel restoration to his former position as local school head.

Relator contends that even if the transfer was made according to law the salary reduction was contrary to Section 4842-9, General Code, and the terms of his continuing contract. He cites opinions of the Attorney General of Ohio which seemingly sustain that contention. This court is not bound by such opinions and, regardless of factual distinctions which might be pointed out, is not in accord therewith.

Relator's continuing contract, the terms of which are stipulated herein, is as follows:

"An agreement entered into between the Blanchester Local School Board of Education, Clinton county, Ohio, and L. D. Freshcorn as local school head beginning September    , 1947, and continuing in full force and effect until the said local school head resigns, elects to retire, or is retired pursuant to Section 7896-34 of the General Code or until this contract is terminated or suspended as provided by law. Said local school head agrees to remain in the district and further agrees to abide by and maintain the rules and regulations adopted by said board of education for the government of the schools.

"In full consideration for such services the Blanchester Local Board of Education agrees to pay the said L. D. Freshcorn the sum of four thousand and .........no/100 dollars ($4,000) for the school year 1947-48, and such sums for each subsequent year as may be established by said board in accordance with Section 7690-3.

"Entered into at Blanchester, Ohio, this 9th day of July, 1947.

"D. C. Spence    President
"Mary Schnapp    Clerk
"L. D. Freshcorn    Teacher."

It is a familiar rule that the pertinent statutes in effect at the time a contract is executed are to be read into it. In addition, by its very terms, relator's contract is subject to the provisions of law consisting of all applicable statutes in the Teachers' Tenure Act, which must be construed *in pari materia*.

Section 4842-7, General Code, provides for the assignment of additional duties beyond regular class-

room duties and supplemental salary therefor and for discontinuance of such salary increase upon relief from the additional duties. This is a general section and must be read into relator's continuing contract.

The first paragraph of Section 4842-9, General Code, in scope, applies to teachers generally and prevents reduction of salary unless in accord with a uniform plan not present here. The second paragraph applies, not to teachers generally, but specifically to teachers employed as administrative heads and specifically provides for their transfer and contemplates and limits a salary reduction to the highest rate paid by the teaching position to which transfer is made.

By familiar rule of statutory construction, this special provision must control over the general one, which appears to be perfectly consistent with the provisions of Section 4842-7, General Code.

It, therefore, appears that relator has failed to meet the burden of proof required to sustain his contention of an illegal reduction of salary.

The writ of mandamus prayed for is hereby denied, and the costs of this action assessed against the relator.

*Writ denied.*

HILDEBRANT, P. J., MATTHEWS, and ROSS, JJ., concur in the syllabus, opinion, and judgment.